**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3085
_____

MELANIA ISDIATI,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-940-363)
Immigration Judge:  Honorable R.K. Malloy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 10, 2013
Before:  FISHER, VANASKIE and ALDISERT, Circuit Judges

(Opinion filed: December 13, 2013)
_____

OPINION
_____

PER CURIAM

Petitioner Melania Isdiati petitions for review of an order of the Board of

Immigration Appeals (BIA) denying her motion to reopen.  For the reasons detailed

below, we will deny the petition for review.

Isdiati is a citizen of Indonesia and a lifelong Catholic.  She entered the United

States on a visitor's visa on March 14, 2004, overstayed, and was charged with being removable under 8 U.S.C. § 1227(a)(1)(B) for remaining in the United States for longer than permitted. Isdiati applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

In 2010, Isdiati appeared before an Immigration Judge (IJ). She conceded removability and acknowledged that her asylum application was untimely. However, she testified that she feared that she would be persecuted or tortured in Indonesia due to her Catholicism. She stated that every Christmas, the church she attended in Tulungagung, East Java, would receive bomb threats from Islamic extremists. Because of these threats, Isdiati testified, she did not attend holiday services and often felt unsafe at church. Isdiati admitted that she had never been harmed in Indonesia due to her Catholicism, and that her sister Martina, who currently practices Catholicism in Indonesia, has likewise avoided harm.

The IJ denied all relief to Isdiati, finding that her asylum application was untimely and that she had failed to meet her respective burdens of proof for withholding of removal and CAT relief. Isdiati then appealed to the BIA, which dismissed the appeal. The BIA agreed with the IJ that Isdiati's asylum application was untimely. Further, the BIA concluded that Isdiati had not established her eligibility for withholding of removal because, given that neither she nor her sister had ever been harmed, she had failed to demonstrate past persecution or that she had a well-founded fear of future persecution. Finally, the BIA ruled that Isdiati had failed to show that she was eligible for CAT relief.

We then denied Isdiati's petition for review. See Isdiati v. Att'y Gen., 474 F. App'x 882 (3d Cir. 2012).

In April 2013, Isdiati filed the motion to reopen that is at issue here, alleging that the violence against Christians in Indonesia has increased. The BIA denied the motion. The BIA explained that Isdiati's evidence "shows a mixed picture — an increase in church closings but also development of an early warning system and encouragement of coexistence and tolerance of religious differences." Thus, the BIA concluded that Isdiati had shown that there were "continuing problems for Christians in Indonesia," not "changed country conditions or changed circumstances there which are material" to her various claims. Isdiati then filed a timely petition for review to this Court.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) and review the BIA's denial of Isdiati's motion to reopen for abuse of discretion. See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). Motions to reopen are "plainly disfavor[ed]," because "[t]here is a strong public interest in bringing litigation to a close as promptly as is consistent with the interest in giving the adversaries a fair opportunity to develop and present their respective cases." INS v. Abudu, 485 U.S. 94, 107, 110 (1988). The BIA's decision is thus entitled to "broad deference," Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003) (internal quotation marks omitted), and it "will not be disturbed unless [it is] found to be arbitrary, irrational, or contrary to law," Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (quoting Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994)) (internal quotation marks omitted).

3

Here, because Isdiati did not file her motion to reopen within 90 days of the final order of removal, she may proceed only if her motion relies on evidence of "changed country conditions." 8 U.S.C. § 1229a(c)(7)(C)(ii). Such a motion must be based on "evidence [that] is material and was not available and would not have been discovered or presented at the previous proceeding." Id. In determining whether country conditions have changed, the BIA compares current conditions to the conditions that existed at the time of the previous hearing before the IJ. See Filja v. Gonzales, 447 F.3d 241, 254 (3d Cir. 2006).

The BIA did not abuse its discretion in denying Isdiati's motion. As an initial matter, there is no merit to Isdiati's claim that the BIA failed fully to consider the evidence that she proffered. The BIA here expressly discussed the State Department's 2010 International Religious Freedom Report for Indonesia and the United States Commission on International Religious Freedom's 2011 Report for Indonesia. While the BIA may not have explicitly commented on a report from the Human Rights Watch, as we have previously explained, "[c]onsideration of all evidence does not require comment on all evidence." Thu v. Att'y Gen., 510 F.3d 405, 416 n.16 (3d Cir. 2007). Indeed, because the Human Rights Watch's report is largely consistent with but less detailed than the reports the BIA did discuss, it was reasonable for the BIA to focus on the reports that it did. See generally Ambartsoumian v. Ashcroft, 388 F.3d 85, 89 (3d Cir. 2004) (holding that reliance on State Department reports is justifiable). Accordingly, we are satisfied that the BIA properly considered Isdiati's evidence.

4

Nor did the BIA abuse its discretion in denying Isdiati's motion on the merits. It was reasonable for the BIA to conclude that Isdiati's evidence, rather than showing that conditions for Christians in Indonesia have deteriorated in a material way since the time of her initial hearing, shows only "continuing problems for Christians." As the BIA pointed out, while the State Department report notes an increasing number of church closings, it also suggests that in other ways, circumstances have improved — for instance, religious leaders and government officials have worked together to create an early-warning system to help anticipate and forestall possible conflict. In fact, the evidence repeatedly describes the problems faced by Christians today as "continuing." See, e.g., United States Commission on International Religious Freedom, Annual Report 261 (2011) ("Based on these concerns, USCIRF continues to place Indonesia on its Watch List in 2011. Indonesia has been on the Commission's Watch List since 2002."). Thus, the BIA did not abuse its discretion in denying Isdiati's motion. See Pllumi v. Att'y Gen., 642 F.3d 155, 161 (3d Cir. 2011) (holding that the BIA did not err in denying reopening where evidence did "not indicate meaningfully changed country conditions," but instead "suggest[ed] that the conditions described have persisted" (internal quotation marks omitted)).

Accordingly, we will deny the petition for review.